[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Jon Silbert, was ineffective in that he allowed him to plead guilty to manslaughter in the first degree without knowing all the elements of the charges against him, the possible penalties and factual CT Page 10860 presentation made because of which his plea was not voluntary.
The transcript of the plea proceeding and the sentencing proceedings before Damiani, J. were introduced as petitioner's Exhibits 1 and 2 respectively and an affidavit of the criminal trial attorney was presented as respondent's Exhibit A. The petitioner, being the only witness called, related how he told his attorney that on the night in question he defended himself against five (5) people, all of whom were engaged in fighting, and gave him the names of three (3) persons who were on the scene who would verify this: Jimmy Turner, Greg Hughes and Thomas Daniels. He was told by his attorney that there was no law of self-defense in Connecticut. He doesn't know if the State's Attorney interviewed those witnesses nor did he state that he had talked to them. His memory of his appearances in court appeared to be fuzzy but he portrayed a person who relied upon his sister's presence. His remark was that she was not there all the time so he could talk to her and she could assist him. He did recall that she was there when he made his plea and when he was sentenced and did recall that the judge asked him if he had enough time to talk to his attorney and family and if he were satisfied with his attorney to which he answered yes to both questions. That satisfaction has changed since he learned in prison that he could have proceeded to trial with self-defense and his attorney's failure to interview the witnesses disclosed to him prevented it.
A perusal of the petitioner's Exhibits makes his claim against his counsel unwarranted. During his canvas the petitioner answered appropriately and when asked whether he plead "guilty or not guilty?" responded knowingly, "Guilty under the Alford Doctrine." On page 8 Attorney Silbert explains the reason for such plea was not to avoid that he caused the young man's death "but just because in his own mind he was acting to defend himself." This statement was made after the State's Attorney gave a description of the incident on page 6 that there was a dispute between the defendant and one Gibbs that the victim tried to break up when the victim then was arguing with a friend of the defendant, Cerrone Bell, that the petitioner "pulled out a gun and shot the victim 6 times." Again in the transcript of the sentencing Attorney Silbert acknowledged his investigation of the self-defense issue on page 9. He stated that the state had not found a credible witness to prove the victim was armed and his interview with several other witnesses, all of whom but one said that he was not armed. The one exception was a witness whose CT Page 10861 credit he really did not know and her vantage point some distance from the scene.
Obviously the petitioner now claims what his attorney argued to the court in mitigation of sentence should have been presented in evidence for a claim of self-defense such as the fact it was not a turf war, that whether the victim was armed remains equivocal, and that he was egged on by this own friends to use the gun on the victim because he was armed. What he fails to perceive is that the state had evidence of a turf war and the fact that the petitioner waited for Gibbs to return with his friends to continue the confrontation added to that. Then he shot the unarmed peacemaker and took away any semblance of self-defense with reasonable force by continuing to shoot him as he fell to the ground and laid prone on the ground. It is difficult to believe the witnesses on the scene would testify that the victim was unarmed and at the same time admit egging the petitioner on to shoot because the victim was armed.State v. Quintana, 209 Conn. 34, 49-50.
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139 (1995);Strickland v. Washington, 466 U.S. 668, 594. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 357. As Judge Damiani in his sentencing remarks stated to Attorney Silbert "I think that you, being the able attorney you are, saw that the reduction of charge (from murder) that Mr. Vitale gave was a very great concession to your client and that's why you took advantage of that" is also the conclusion of this court.
For the above reasons the court denies the petition.
Corrigan, STR